UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| RICHARD J. LEONHARD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:10 CV 215 |
|  | ) |  |
| FEDERAL EMERGENCY | ) |  |
| MANAGEMENT AGENCY, and | ) |  |
| UNITED STATES DEPARTMENT OF | ) |  |
| HOMELAND SECURITY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

On March 29, 2010, plaintiff Richard J. Leonhard filed a *pro se* law suit in the Small Claims Division of the Lake Superior Court in Hammond, Indiana, against the defendants, the Federal Emergency Management Agency ("FEMA")[1] and the United States Department of Homeland Security ("USDOHS"). Plaintiff alleged that defendants wrongfully denied insurance coverage for water damage to his ceiling.

Defendants removed the case to this federal district court pursuant to 28 U.S.C. § 1442(a)(1), which provides that a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer" may be removed by the defendants

---

[1] FEMA, as a federal agency or component of the USDOHS, cannot be sued *eo nomine*. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). The National Flood Insurance Act, 42 U.S.C. § 4072, provides that a party may sue the Director of FEMA in his official capacity to assert claims related to the disallowance or partial disallowance of a flood insurance claim. Both defendants and this court have proceeded in this case as though plaintiff sued the Director of FEMA, the proper federal defendant.

"to the district court of the United States for the district and division embracing the place wherein it is pending." Defendants have now moved to dismiss this case for lack of jurisdiction, arguing that because the state court in which plaintiff originally filed lacked jurisdiction over plaintiff's claim, this court also lacks jurisdiction. (DE # 3.) Plaintiff did not respond, and his time for doing so has long since passed. The motion is ripe for ruling.

Defendants' argument has two parts. First, defendants argue that federal courts have exclusive jurisdiction over claims like plaintiff's challenging FEMA's disallowance of his flood insurance claim. The National Flood Insurance Act ("the Act") governs flood insurance policies issued through FEMA, the entity that administers the National Flood Insurance Program. The Act provides:

> . . . [T]he Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim **in the United States district court** for the district in which the insured property or the major part thereof shall have been situated, and **original exclusive jurisdiction is hereby conferred upon such court** to hear and determine such action without regard to the amount in controversy.

42 U.S.C.A. § 4072 (emphasis added); *see also Smith v. National Flood Ins. Program*, 796 F.2d 90, 92 (5th Cir.1986) (noting that "[j]urisdiction over [flood insurance] claims against the [National Flood Insurance] Program is exclusively federal"). Thus,

2

defendant is correct that only a federal district court, not the state court in which plaintiff first filed this lawsuit, would possess proper jurisdiction over plaintiff's claim.

Second, defendants argue that, upon removal, this court only acquired the jurisdiction possessed by the court of origination – in this case, no jurisdiction at all. The United States Supreme Court has held that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 243 n.17 (1981); *see also Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994); *Reid v. United States*, 715 F.2d 1148, 1153 (7th Cir. 1983). In other words, because the state court in which this case originated never had jurisdiction over plaintiff's claim to begin with, this court, which acquired this case through removal, also lacks jurisdiction.

In sum, defendants' arguments are sound and warrant dismissal. Defendants' motion to dismiss for lack of jurisdiction (DE # 3) is **GRANTED**. There being no claims remaining against any defendants in this case, the clerk is directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendant Federal Emergency Management Agency, and defendant United States Department of Homeland Security, and against plaintiff Richard J. Leonhard, who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: August 23, 2011

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT